IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| XYAVION CORTEZ LAWRENCE, | : | |
| Plaintiff | : | No. 1:23-cv-00480 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| J. FOURA, *et al.*, | : | |
| Defendants | : | |

# MEMORANDUM

Plaintiff Xyavion Cortez Lawrence, who was previously incarcerated at the Federal Correctional Institution, Schuylkill (FCI Schuylkill),[1] initiated the above-captioned *pro se* civil action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Lawrence claims that his constitutional rights were infringed by multiple FCI Schuylkill officials during his incarceration at that prison. The Court must dismiss in part Lawrence's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted but will grant him leave to amend.

## I. BACKGROUND

Lawrence alleges that he was placed in the Special Housing Unit (SHU) at FCI Schuylkill on November 13, 2022. (Doc. No. 1 at 4.) He claims that, as of the date of the filing of his complaint, March 16, 2023, (*see id.* at 7), he has been held

---

[1] Lawrence is currently incarcerated at Lackawanna County Prison. (*See* Doc. No. 7.)

in the SHU without being able to "call, mail, email or have visits" and has yet to receive an "Administrative Detention Order" that he claims should have been provided to him within 24 hours of his placement in the SHU. (*Id.* at 4-5.) Lawrence further asserts that, while in the SHU, he was prevented from filing administrative remedy requests under the Federal Bureau of Prisons' (BOP) remedy process. (*Id.*) Finally, Lawrence alleges that prison officials violated his due process rights when they failed to adhere to certain BOP regulations. (*Id.* at 5-6.)

Lawrence contends that his First Amendment right to petition the courts was violated when he was prohibited from submitting grievances. (*Id.*) He also maintains that his Eighth Amendment right—presumably to be free from cruel and unusual punishments—was violated when he was held in the SHU for approximately four months. (*Id.*) Finally, as noted above, Lawrence posits that the BOP's violation of several regulations infringed his Fifth Amendment due process rights. (*Id.*) Lawrence names as defendants Lieutenant J. Foura, Lieutenant J. Barret, Counselor or Case Manager Rakus, Correctional Services Manager Eger, and Discipline Hearing Officer K. Taylor. (*Id.* at 2-3.)

## II. STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. *See* 28 U.S.C. § 1915A(a). One basis for dismissal at the screening

stage is if the complaint "fails to state a claim upon which relief may be granted[.]" *Id.* § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 681.

Because Lawrence proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Lawrence, is incarcerated. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III. DISCUSSION

Lawrence asserts that his First, Fifth, and Eighth Amendment rights were violated by FCI Schuylkill officials. The Court initially observes that, because Lawrence is suing federal actors for alleged constitutional deprivations, his claims implicate *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Causes of action relying on *Bivens*, however, have been extremely circumscribed in recent years, and extending the *Bivens* remedy is now a decidedly "disfavored judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 137 S. Ct. 1843, 1857 (2017) (citation and internal quotation marks omitted). Nevertheless, the Court need not determine at this juncture whether a *Bivens* remedy exists for Lawrence's claims because Lawrence's complaint suffers from other deficiencies that must be addressed before this case can proceed with service on Defendants.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context). Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Personal involvement can include direct wrongful conduct by a

5

defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity. *Id.* (quoting *Rode*, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Lawrence's complaint is completely silent as to defendants Barret and Taylor. In fact, these defendants' names appear only in the caption and defendant-identification section of the form complaint. (*See* Doc. No. 1 at 1, 3.) Accordingly, any *Bivens* claim against Barret and Taylor must be dismissed for lack of personal involvement.

Lawrence's allegations regarding defendant Foura are somewhat confusing. They either indicate that Foura gave Lawrence an "incident report" or "placed [Lawrence] in the S.H.U." (*Id.* at 4.) Under either scenario, this single sentence is

6

plainly insufficient to indicate personal involvement in a constitutional violation. Thus, any claim against Foura must also be dismissed for lack of personal involvement.

### B.     Fifth Amendment Due Process Claims

To the extent that Lawrence argues that the BOP's alleged violation of various regulations infringes his Fifth Amendment due process rights, it is well settled that "a violation of internal policy does not automatically rise to the level of a Constitutional violation." *Atwell v. Lavan*, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2007) (citations omitted); *see Bullard v. Scism*, 449 F. App'x 232, 235 (3d Cir. 2011) (nonprecedential) (explaining that, even if prison officials violated a regulation, such a violation "is not actionable"); *Jordan v. Rowley*, No. 1:16-CV-1261, 2017 WL 2813294, at *2 (M.D. Pa. June 29, 2017); *Williamson v. Garman*, No. 3:15-CV-1797, 2017 WL 2702539, at *6 (M.D. Pa. June 22, 2017); *see also United States v. Jiles*, 658 F.2d 194, 200 (3d Cir. 1981) (noting that even violations of state law will not automatically have a "constitutional dimension"). Moreover, Lawrence has not pled facts showing that the regulations themselves create a liberty or property interest such that their violation could infringe his due process rights. *See Millhouse v. Bledsoe*, 458 F. App'x 200, 203 (3d Cir. 2012) (nonprecedential) (citing *Sandin v. Conner*, 515 U.S. 472, 487 (1995)).

The regulations that Lawrence cites—28 C.F.R. § 542.11, 28 C.F.R. § 541.24,[2] and 28 C.F.R. § 541.25—are general regulations that concern the BOP's administrative remedy system, disciplinary segregation status, and notice of reasons for placement in the SHU, respectively. These regulations track Lawrence's claims in the instant lawsuit. They do not, however, constitute independent constitutional infringements if they are not strictly adhered to by prison officials. Accordingly, Lawrence has not plausibly stated a Fifth Amendment due process claim merely by alleging that certain BOP regulations were violated.

C.   **Eighth Amendment Conditions-of-Confinement Claim**

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort." *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or inhumane treatment, such as deprivation of "basic human needs" like "food, clothing, shelter, medical care, and reasonable safety[.]" *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted). To state an Eighth Amendment conditions-of-confinement claim, a plaintiff must plausibly plead both objective and subjective elements. *See*

---

[2] Lawrence cites "531.24," (*see* Doc. No. 1 at 5, 6), but this appears to be an error because there is no Section "531.24" in Title 28 of the Code of Federal Regulations.

8

*Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015). Objectively, the prisoner must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). "The benchmark for alleging such deprivation is not that the inmate was merely uncomfortable; he or she must show they are 'incarcerated under conditions posing a substantial risk of serious harm.'" *Clark v. Coupe*, 55 F.4th 167, 179 (3d Cir. 2023) (quoting *Farmer*, 511 U.S. at 834). Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety." *Id.* (citing *Farmer*, 511 U.S. at 834). Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm." *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).

Lawrence's condition-of-confinement claim falters at both elements. First, Lawrence's claim of being placed in the SHU for approximately four months during his disciplinary proceedings, without more, does not implicate a sufficiently serious deprivation. *See Griffin v. Vaughn*, 112 F.3d 703, 705, 709 (3d Cir. 1997) (finding no Eighth Amendment violation for inmate's placement in administrative segregation for 15 months during pendency of disciplinary proceedings); *Young v.*

9

*Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992) ("Segregated detention is not cruel and unusual punishment *per se*, as long as the conditions of confinement are not foul, inhuman[,] or totally without penological justification."), *superseded by statute on other grounds as stated in Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000); *Johnson v. Burris*, 339 F. App'x 129, 131 (3d Cir. 2009) (nonprecedential) (holding that administrative segregation and loss of minor privileges did not state a conditions-of-confinement claim); *Wilson v. Hogsten*, 269 F. App'x 193, 195 (3d Cir. 2008) (nonprecedential) (finding that 12-month placement in the SHU—without alleging facts showing a sufficiently serious deprivation of "life's necessities"—was insufficient to state an Eighth Amendment claim). Lawrence asserts that, during his time in the SHU, he was unable to make telephone calls, send email and regular mail, have visits, or receive mail-order books. The loss of such minor privileges simply does not rise to the level of a sufficiently serious deprivation of life's necessities.

Lawrence also fails to plausibly plead the subjective element of his conditions-of-confinement claim: deliberate indifference to a prisoner's health or safety. Lawrence does not include any allegations against the named Defendants that would establish that they were deliberately indifferent to his health or safety and therefore could be liable for violating his Eighth Amendment rights. The only Defendant he identifies by name in his complaint with respect to this Eighth Amendment claim is Foura. Lawrence alleges, "On Nov[ember] 13[], 2022, I

received an incident report due to being placed in the S.H.U. by lieutenant J. Foura and was told it was getting sent to the F.B.I." (Doc. No. 1 at 4.) This single sentence does not establish deliberate indifference to Lawrence's health or safety. Accordingly, Lawrence's Eighth Amendment claim must be dismissed.

### D.   Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." *Grayson*, 293 F.3d at 114. Leave to amend will be granted because it is possible that Lawrence could cure some of the deficiencies identified in this Memorandum.

If Lawrence chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth Lawrence's claims in short, concise, and plain statements, and in sequentially numbered paragraphs. Lawrence must address the deficiencies identified in this Memorandum, and he must include all allegations within his pleading. He must also specify the offending actions taken by a particular defendant, sign the amended complaint, and indicate the nature of the relief sought.

If Lawrence chooses not to amend his complaint, this case will proceed as to his First Amendment Petition Clause claim[3] against defendants Eger and Rakus—the only two Defendants for which Lawrence has pled personal involvement in a possible constitutional violation for allegedly interfering with his filing of administrative remedies. (*See* Doc. No. 1 at 4); *Mack*, 839 F.3d at 297-99.

## IV.   CONCLUSION

Based on the foregoing, the Court will dismiss in part Lawrence's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Lawrence may, if desired, file an amended complaint. If Lawrence chooses not to amend, this case will proceed on his First Amendment Petition Clause claim against Eger and Rakus only. An appropriate Order follows.

s/ Sylvia H. Rambo<br>
United States District Judge

Dated: July 13, 2023

---

[3] "[P]risoners retain the constitutional right to petition the government for the redress of grievances," *Turner v. Safley*, 482 U.S. 78, 84 (1987) (citation omitted), and a prisoner's written or oral grievance is protected under this First Amendment right to petition, *see Mack v. Warden Loretto FCI*, 839 F.3d 286, 297-99 (3d Cir. 2016). The Court, however, does not opine at this time whether a *Bivens* remedy exists for a First Amendment Petition Clause claim.