## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **XYAVION CORTEZ** | : | |
| **LAWRENCE,** | : | |
| **Plaintiff** | : | **No. 1:23-cv-00480** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **J. FOURA,** *et al.*, | : | |
| **Defendants** | : | |

### <u>MEMORANDUM</u>

Plaintiff Xyavion Cortez Lawrence, who was previously incarcerated at the Federal Correctional Institution, Schuylkill (FCI Schuylkill),[1] initiated the above-captioned *pro se* civil action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Lawrence claims that his constitutional rights were infringed by FCI Schuylkill officials during his incarceration at that prison. Lawrence's initial complaint was dismissed in part for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1). Lawrence has filed an amended complaint that fails to state any claim for relief at all.

### I. BACKGROUND

In his brief amended complaint, it appears that Lawrence is attempting to rely or build on his previous pleading. (*See, e.g.*, Doc. No. 12 ¶ 2.) He does not name the Defendants he is suing or provide their addresses, and he does not state a basis

---

[1] Lawrence is currently incarcerated at Lackawanna County Prison. (*See* Doc. No. 7.)

for this Court's jurisdiction (as he did in his original complaint). He also mentions issues that were raised in his initial complaint but do not appear in his amended complaint. (*See id.*)

This Lawrence cannot do. He does not expressly incorporate or adopt his earlier pleading, and it is well settled that "the amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." *W. Run Student Hous. Assocs. v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) (alteration in original) (citation omitted).

Accordingly, the following facts are taken from Lawrence's initial pleading only to provide a background for screening his amended complaint. Lawrence alleged that he was placed in the Special Housing Unit (SHU) at FCI Schuylkill on November 13, 2022. (Doc. No. 1 at 4.) He claimed that, as of the date of the filing of his original complaint, March 16, 2023, (*see id.* at 7), he had been held in the SHU without being able to "call, mail, email or have visits" and had yet to receive an "Administrative Detention Order" that he claims should have been provided to him within 24 hours of his placement in the SHU. (*Id.* at 4-5.) Lawrence further asserted that, while in the SHU, he was prevented from filing administrative remedy requests under the Federal Bureau of Prisons' (BOP) remedy process by two specific

Defendants.  (*Id.*)  Finally, Lawrence alleged that prison officials violated his due process rights when they failed to adhere to certain BOP regulations.  (*Id.* at 5-6.)

Lawrence contended that his First Amendment right to petition the courts was violated when he was prohibited from submitting grievances.  (*Id.*)  He also maintained that his Eighth Amendment right—presumably to be free from cruel and unusual punishments—was violated when he was held in the SHU for approximately four months without outside communication.  (*Id.*)  Finally, as noted above, Lawrence posited that the BOP's violation of several regulations infringed his Fifth Amendment due process rights.  (*Id.*)  Lawrence named as defendants Lieutenant J. Foura, Lieutenant J. Barret, Counselor or Case Manager Rakus, Correctional Services Manager Eger, and Discipline Hearing Officer K. Taylor.  (*Id.* at 2-3.)

The Court screened Lawrence's complaint and found that all his claims failed except his First Amendment Petition Clause claim.  (*See generally* Doc. No. 10.) First, the Court noted that, as to defendants Barret, Taylor, and Foura, dismissal was required because Lawrence had failed to allege personal involvement in a purported constitutional violation.  (*See id.* at 5-7.)  The Court then dismissed any Fifth Amendment due process claim because Lawrence's allegations of regulatory or policy violations did not rise to the level of a constitutional infringement.  (*See id.* at 7-8.)  Lastly, the Court determined that Lawrence's Eighth Amendment conditions-of-confinement claim failed because he neither pled a sufficiently serious

deprivation nor deliberate indifference on the part of any Defendant.  (*See id.* at 8-11.)

The Court granted Lawrence leave to amend and provided explicit instructions regarding amendment:

> If Lawrence chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The amended complaint should set forth Lawrence's claims in short, concise, and plain statements, and in sequentially numbered paragraphs. Lawrence must address the deficiencies identified in this Memorandum, and he must include all allegations within his pleading. He must also specify the offending actions taken by a particular defendant, sign the amended complaint, and indicate the nature of the relief sought.

(*Id.* at 11.)  The Court additionally admonished Lawrence that, if he failed to file an amended complaint, his case would proceed past screening only as to his First Amendment Petition Clause claim.  (*See id.* at 12 & n.3.)

Lawrence filed an amended complaint on July 21, 2023.  (*See generally* Doc. No. 12).  This revised pleading is deficient for many of the same reasons that his initial complaint failed to state claim for relief.  Unlike his initial pleading, however, his amended complaint also fails to state a First Amendment claim.

## II.    STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees.  *See* 28 U.S.C. § 1915A(a).  One basis for dismissal at the screening

stage is if the complaint "fails to state a claim upon which relief may be granted[.]" *Id.* § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 681.

Because Lawrence proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Lawrence, is incarcerated. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.   DISCUSSION

In his amended complaint, Lawrence asserts that his First, Eighth, Thirteenth, and Fourteenth Amendment rights were violated by FCI Schuylkill officials.  (Doc. No. 12 ¶ 1.)[2]  The Court initially observes that, because Lawrence is suing federal actors for alleged constitutional deprivations, his claims implicate *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Causes of action relying on *Bivens*, however, have been extremely circumscribed in recent years, and extending the *Bivens* remedy is now a decidedly "disfavored judicial activity."  *Ziglar v. Abbasi*, 582 U.S. 120, 137 S. Ct. 1843, 1857 (2017) (citation and internal quotation marks omitted).  Nevertheless, the Court need not determine at this juncture whether a *Bivens* remedy exists for Lawrence's claims because his amended complaint fails to state a constitutional violation.

### A.   Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).  Rather, a

---

[2] Lawrence does not mention, let alone discuss, how his Thirteenth Amendment rights (concerning slavery or involuntary servitude) were violated, and therefore the Court will disregard this legal conclusion.  Moreover, to the extent that Lawrence cites the Fourteenth Amendment, the Court presumes he is asserting due process claims under the Fifth Amendment since he is suing federal, rather than state, officials.

Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct." *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020). Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity. *Id.* (quoting *Rode*, 845 F.2d at 1207). Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability. *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Lawrence's initial complaint was silent as to defendants Barret and Taylor, with their names appearing only in the caption and defendant-identification section of the form complaint. (*See* Doc. No. 1 at 1, 3.) In his amended complaint, Lawrence does not even name defendants Rakus or Eger, let alone allege their personal involvement. Accordingly, Rakus and Eger must be dismissed.

As to defendant Barret, the only allegation that Lawrence makes against him is that he "was the SHU lieutenant at the time and is in charge and oversees the [SHU] and therefore he is to blame and is responsible" for the purported violation of Lawrence's Eighth Amendment rights. (Doc. No. 12 ¶ 3.) This statement is a quintessential example of *respondeat superior* liability, which is inapplicable in *Bivens* claims. *See Iqbal*, 556 U.S. at 676. Barret, therefore, must also be dismissed for lack of personal involvement.

## B.   Fifth Amendment Procedural Due Process Claims

Lawrence appears to assert two different types of due process claims in his amended complaint. He first argues that his disciplinary proceedings lacked the minimum procedural due process protections required by *Wolff v. McDonnell*, 418 U.S. 539 (1974). (*See* Doc. No. 12 ¶ 1.) He also alleges that defendants Taylor and Foura infringed his constitutional rights by violating BOP policy or regulations regarding disciplinary proceedings. (*Id.* ¶¶ 4-5.) The Court will examine these claims in reverse order.

To the extent that Lawrence argues that the alleged violation of various BOP regulations infringes his Fifth Amendment due process rights, it is well settled that "a violation of internal policy does not automatically rise to the level of a Constitutional violation." *Atwell v. Lavan*, 557 F. Supp. 2d 532, 556 n.24 (M.D. Pa. 2007) (citations omitted); *see Bullard v. Scism*, 449 F. App'x 232, 235 (3d Cir. 2011)

(nonprecedential) (explaining that, even if prison officials violated a regulation, such a violation "is not actionable"); *Jordan v. Rowley*, No. 1:16-CV-1261, 2017 WL 2813294, at *2 (M.D. Pa. June 29, 2017); *Williamson v. Garman*, No. 3:15-CV-1797, 2017 WL 2702539, at *6 (M.D. Pa. June 22, 2017); *see also United States v. Jiles*, 658 F.2d 194, 200 (3d Cir. 1981) (noting that even violations of state law will not automatically have a "constitutional dimension").

The regulations Lawrence cites in his amended complaint—28 C.F.R. § 542.11 and 28 C.F.R. § 541.25—are general regulations regarding the BOP's administrative remedy system and notice of reasons for placement in the SHU, respectively. These regulations do not, however, constitute independent constitutional infringements if they are not strictly adhered to by prison officials. Accordingly, Lawrence has not plausibly stated a Fifth Amendment due process claim merely by alleging that certain BOP regulations were violated. Moreover, Lawrence has not pled facts showing that the regulations themselves create a liberty or property interest such that their violation could infringe his due process rights. *See Millhouse v. Bledsoe*, 458 F. App'x 200, 203 (3d Cir. 2012) (nonprecedential) (citing *Sandin v. Conner*, 515 U.S. 472, 487 (1995)).

In Lawrence's second due process claim, he maintains that he was denied the minimum procedural safeguards established by *Wolff v. McDonnell* when he was "forced to sit in the SHU for over 120 days" during or because of disciplinary

proceedings against him.  (Doc. No. 12 ¶ 1.)  Specifically, he complains that he was not provided an administrative detention order in a timely manner and that he was not given the opportunity to call witnesses or present evidence at the disciplinary hearing.  (*See id.*)  The fatal problem with this claim is that Lawrence has not identified a liberty interest that would give rise to due process protections.

The Supreme Court of the United States has held that disciplinary segregation alone—under conditions that mirror those "imposed upon inmates in administrative segregation and protective custody"—generally does not reflect an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" such that it implicates a protected liberty interest under the Fifth or Fourteenth Amendment.  *See Sandin v. Conner*, 515 U.S. 472, 484, 486 (1995).  And the Third Circuit has repeatedly held that disciplinary segregation for periods longer than that which Lawrence experienced does not rise to the level of an atypical and significant hardship.  *See Smith v. Mensinger*, 293 F.3d 641, 654 (3d Cir. 2002) (seven months); *Torres v. Fauver*, 292 F.3d 141, 151 (3d Cir. 2002) (135 days); *Griffin v. Vaughn*, 112 F.3d 703, 705-07 (3d Cir. 1997) (fifteen months); *Dunbar v. Barone*, 487 F. App'x 721, 725 (540 days).  Lawrence has therefore failed to identify a protected liberty or property interest, so his Fifth Amendment procedural due process claims must be dismissed.

### C.      Eighth Amendment Conditions-of-Confinement Claim

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort." *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).  Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or inhumane treatment, such as deprivation of "basic human needs" like "food, clothing, shelter, medical care, and reasonable safety[.]" *Helling v. McKinney*, 509 U.S. 25, 32 (1993) (citation omitted).  To state an Eighth Amendment conditions-of-confinement claim, a plaintiff must plausibly plead both objective and subjective elements.  *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015).  Objectively, the prisoner must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.  *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)).  "The benchmark for alleging such deprivation is not that the inmate was merely uncomfortable; he or she must show they are 'incarcerated under conditions posing a substantial risk of serious harm.'" *Clark v. Coupe*, 55 F.4th 167, 179 (3d Cir. 2023) (quoting *Farmer*, 511 U.S. at 834).  Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety."  *Id.* (citing *Farmer*, 511 U.S. at

834).  Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm."  *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).

Lawrence again asserts that his Eighth Amendment rights were violated by being confined in the SHU for "over 120 days" without access to the telephone, mail, or email, and without being able to have visitation.  (Doc. No. 12 ¶¶ 1, 3.)  Just like with Lawrence's initial complaint, his amended complaint's conditions-of-confinement claim falters at both elements.

First, Lawrence's claim of being placed in the SHU for approximately four months during (or because of) his disciplinary proceedings, without more, does not implicate a sufficiently serious deprivation.  *See Griffin v. Vaughn*, 112 F.3d 703, 705, 709 (3d Cir. 1997) (finding no Eighth Amendment violation for inmate's placement in administrative segregation for 15 months during pendency of disciplinary proceedings); *Young v. Quinlan*, 960 F.2d 351, 364 (3d Cir. 1992) ("Segregated detention is not cruel and unusual punishment *per se*, as long as the conditions of confinement are not foul, inhuman[,] or totally without penological justification."), *superseded by statute on other grounds as stated in Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000); *Johnson v. Burris*, 339 F. App'x 129, 131 (3d Cir. 2009) (nonprecedential) (holding that administrative segregation and loss of

13

minor privileges did not state a conditions-of-confinement claim); *Wilson v. Hogsten*, 269 F. App'x 193, 195 (3d Cir. 2008) (nonprecedential) (finding that 12-month placement in the SHU—without alleging facts showing a sufficiently serious deprivation of "life's necessities"—was insufficient to state an Eighth Amendment claim). Lawrence asserts that, during his time in the SHU, he was unable to make telephone calls, send email and regular mail, or have visitation. The loss of such minor privileges while in disciplinary segregation for approximately 120 days simply does not rise to the level of a sufficiently serious deprivation of life's necessities.

Lawrence also fails to plausibly plead the subjective element of his conditions-of-confinement claim: deliberate indifference to a prisoner's health or safety. Lawrence does not include any allegations against the named Defendants that would establish that they were deliberately indifferent to his health or safety and therefore could be liable for violating his Eighth Amendment rights. The only Defendant he identifies by name in his amended complaint with respect to this Eighth Amendment claim is Barret. But, as explained above, the allegations against Barret sound only in *respondeat superior* liability and do not demonstrate personal involvement in a constitutional violation. Merely being "in charge" of and "oversee[ing]" the SHU does not plausibly plead deliberate indifference to a

prisoner's health or safety. Accordingly, Lawrence's Eighth Amendment conditions-of-confinement claim must be dismissed again.

### D. First Amendment Petition Clause Claim

In his initial complaint, Lawrence pled facts that could possibly state a First Amendment Petition Clause claim (at least at the 1915A screening stage and without determining whether a *Bivens* remedy exists for such a claim). (*See* Doc. No. 10 at 12 & n.3.) Lawrence's amended complaint does not do so. Lawrence simply contends that, while in the SHU, he "was prevented from filing administrative remedies which violates my 1st Amendment rights." (Doc. No. 12 ¶ 2.) Lawrence does not identify which Defendant or Defendants prevented him from filing administrative remedies. Nor does he allege facts explaining how this purportedly unconstitutional conduct occurred. Thus, Lawrence's amended complaint—which supersedes his original complaint—does not plausibly state a First Amendment Petition Clause claim.

### E. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." *Grayson*, 293 F.3d at 114. The Court will grant Lawrence limited leave to amend. Lawrence's Fifth Amendment due process and Eighth Amendment conditions-of-confinement claims will be dismissed

with prejudice.  Lawrence has failed to cure the fundamental deficiencies with these claims even after "amendments previously allowed."  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").

It is possible that Lawrence could state a First Amendment Petition Clause claim, at least when assuming a *Bivens* remedy exists for such a claim (which is not at all clear).  The Court will give Lawrence one final opportunity to attempt to cure his pleading deficiencies with regard to this claim.

If Lawrence chooses to file a second amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The second amended complaint should set forth Lawrence's Petition Clause claim in short, concise, and plain statements, and in sequentially numbered paragraphs.  Lawrence *may not* assert claims that have been dismissed with prejudice.  He must address the deficiencies identified in this Memorandum, and he must include all allegations within his pleading.  He must also *specify the offending actions taken by a particular defendant*, sign the second amended complaint, and indicate the nature of the relief sought.

If Lawrence chooses not to file a second amended complaint, dismissal will automatically convert to dismissal with prejudice and this case will be closed.  As

explained above, the amended complaint supersedes the original complaint and is now the operative pleading.  None of the claims Lawrence attempts to assert in his amended complaint plausibly state a claim upon which relief may be granted.

## IV.   CONCLUSION

Based on the foregoing, the Court will dismiss Lawrence's amended complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.  Lawrence may, if desired, file a second amended complaint, provided that he adheres to the instructions above.  If Lawrence chooses not to amend, this case will be dismissed with prejudice and closed.  An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: September 6, 2023